**Brian E. THRANE and Joann Thrane–Carley, Plaintiff,**

v.

**FRANKLIN FIRST FINANCIAL, LTD., Defendant.**

**No. 08–CV–4149 (ADS)(ARL).**

United States District Court, E.D. New York.

March 12, 2010.

Stephen A. Katz, P.C. New York, NY (Stephen A. Katz, Of Counsel), for the Plaintiffs.

Neil H. Greenberg & Associates, P.C., Westbury, NY (Neil H. Greenberg, Of Counsel), for Defendant Franklin First Financial, Ltd.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On October 10, 2008, Brian E. Thrane and Joann Thrane–Carley ("the Plaintiffs") filed this lawsuit against Litton Loan Servicing, LP ("Litton") and Franklin First Financial, Ltd. ("Franklin"), alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") and the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq. On October 27, 2009, the Court dismissed the complaint as against Litton, finding that it could not be held liable under TILA. The Plaintiffs now move to amend their complaint in order to: (1) join U.S. National Bank Association ("USNBA") as a defendant; and (2) add a claim under N.Y. General Business Law § 349 ("Section 349") against USNBA and Franklin. For the reasons that follow, the Plaintiffs' motion is granted.

### I. BACKGROUND

The Plaintiffs re-financed their home on October 13, 2005 with mortgage loans from New Century Mortgage Corporation ("New Century") in the principal amounts of $285,600 and $71,400. The former loan carried a forty-year variable-rate while the latter was a fixed-rate mortgage. Franklin served as the Plaintiffs' mortgage broker. The $285,600 loan was serviced by Litton on behalf of the USNBA, the party to whom New Century assigned the loan in December of 2006.

The Plaintiffs contend that New Century violated TILA by not advising them of their right to rescind both loans within three days of the transaction and in failing to comply with disclosure requirements related to the $285,600 adjustable rate loan. The Plaintiffs' proposed amended complaint amplifies their TILA claim by alleging that New Century also falsely portrayed the $285,600 loan as having a fixed-rate. New Century sought Chapter 11 bankruptcy protection on April 1, 2009 and is not a party in this case.

The Plaintiffs have moved to add USNBA as a defendant because they believe that as the assignee of their loans, USNBA is liable for New Century's alleged TILA violations. According to the Plaintiffs, these TILA violations triggered their right to rescind both loans. However, despite having exercised their right of rescission, the Plaintiffs claim that USNBA has not removed its mortgage lien on their property.

The Plaintiffs' claim under the CROA is based upon an allegedly false statement that Franklin made in preparing the Plaintiffs' loan application. Before the Plaintiffs applied for the loans with New Century, they were interviewed by David Drouge, a mortgage broker at Franklin. Although Mr. Thrane reported to Drouge that his monthly income was $4,500, the Plaintiffs allege that Drouge represented to New Century that Thrane's monthly income was $7,500. Based upon this allegation and several new allegations, the Plaintiffs request leave to amend their complaint to add a claim under Section 349 against both Franklin and USNBA.

The Plaintiffs allege that in order to induce them to refinance with New Century, Franklin falsely assured them that the value of their home would increase, allowing them to refinance their home with a more affordable interest rate before the variable rate feature of their loan required them to make unmanageable payments. The Plaintiffs further allege that Mr. Thrane's high credit rating warranted a lower interest rate and that New Century made the variable-rate loan without regard to the Plaintiffs' ability to repay. In addition, the Plaintiffs contend that New Century engaged in an improper lending practice called asset-based lending, whereby the loans were based upon the value of the Thrane's collateral rather than their ability to repay.

The Plaintiffs' motion to join USNBA under Fed.R.Civ.P. 19 is unopposed. However, Franklin contends that the Plaintiffs should be denied leave to amend their complaint to add a cause of action under Section 349 because the proposed claim is time-barred.

### II. DISCUSSION

#### A. Legal Standards

The Plaintiffs' motion turns on the application of Fed.R.Civ.P. 15 and 19.

■ Rule 15 states that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Under Rule 15, "[l]eave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *DeFazio v. Wallis*, 05–CV–5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec.9, 2006) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir.2005), and *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995)). An amendment is futile if the proposed claim would not survive a motion to dismiss. *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir.2002). Under Rule 19, an absent party should be joined, if feasible, where "in the person's absence complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a).

## B. Whether The Plaintiffs May Join USNBA

■ When the Plaintiffs initially filed their complaint on October 10, 2008, they believed that Litton, the loan servicer, owned their $285,600 loan. On May 22, 2009, Litton moved to dismiss the complaint on the ground that it never actually owned the loan. In support of their motion, Litton offered a copy of the Assignment of Mortgage from New Century to U.S. Bank National Association, dated December 26, 2006. In light of the fact that TILA provides that loan servicers are not to be treated as assignees "unless the servicer is or was the owner of the obligation," the Court dismissed the complaint as against Litton. *Thrane v. Litton Loan Servicing, L.P., et al.*, No. 08–CV–4149, at * 5 (E.D.N.Y. Oct. 27, 2009) (quoting 15 U.S.C. § 1641(f)(1)). Armed with the knowledge that USNBA is the actual owner of the $285,600 loan, the Plaintiffs now move to add USNBA as a defendant. The Plaintiffs' motion is unopposed.

The Plaintiffs seek rescission of the two loans made by New Century. At least one of those loans is now owned by USNBA. Under these circumstances, the Court finds that USNBA should be joined under Rule 19 because, in its absence, the Plaintiffs would be unable to achieve the full relief that they request.

## C. Whether the Plaintiffs May Add a Claim Under Section 349

■ Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. CPLR § 349(a). Here, Franklin does not challenge the sufficiency of the allegations forming the basis for the Plaintiffs' proposed claim. Instead, Franklin contends that leave to amend should be denied because the putative claim is time-barred.

A claim under Section 349 is subject to the three-year statute of limitations found in N.Y. CPLR § 214(2). *See* N.Y. CPLR § 214(2) (stating that "an action to recover upon a liability ... imposed by statute" is subject to a three-year limitations period); *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F.Supp.2d 439, 452–53 (E.D.N.Y.2007) (collecting cases and explaining that New York courts have uniformly applied a three-year statute of limitation to claims under Section 349). Franklin argues that because four years have passed since the refinancing, the Plaintiffs' Section 349 claim is barred by the statute of limitations. The Plaintiffs counter that their proposed claim is timely because it "relates back" to their initial complaint. The Court agrees.

Rule 15(c) provides that an amended pleading may "relate back" if: (1) the law that supplies the statute of limitations authorizes relation back; and (2) the amended pleading arises out of the same "conduct, transaction, or occurrence" as the original pleading. Fed.R.Civ.P. 15(c). The Second Circuit has observed that the "central inquiry" under Rule 15(c) "is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir.2006) (citing *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir.1999)); *see* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal*

**54**

*Practice and Procedure*, § 1497 (2d ed.2009) (noting that where the alteration of the original pleading is "so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired."). However, notwithstanding the "judicial insistence on notice," an amended pleading will relate back even where it contains substantial differences or amplifications if "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." Wright & Miller, § 1497.

There is no question that the N.Y. CPLR authorizes relation back. *See* N.Y. CPLR 203(f). It is also clear that the proposed amended claim under Section 349 arises out of the same transaction that gave rise to the Plaintiffs' existing claims; namely the refinancing that Franklin brokered. In fact, one of the allegations the Plaintiffs offer to support their existing CROA claim—that Drouge falsely inflated Mr. Thrane's income on the loan application—is also one of the bases for their putative Section 349 claim. Under the circumstances, the proposed Section 349 cause of action does not alter the factual landscape of this case to the point where it can be said that Franklin did not have notice of the conduct that forms the basis for the claim. Accordingly, the Plaintiffs may amend the complaint to add their proposed Section 349 claim against Franklin.

However, in the Court's view, the Plaintiffs proposed Section 349 claim against USNBA would not survive a Fed.R.Civ.P. 12(b)(6) motion. The deceptive conduct alleged by the Plaintiffs was committed by New Century and there is no apparent legal basis for imputing liability for that conduct to USNBA simply because USNBA purchased the Plaintiffs' loans. As such, the Plaintiffs may not assert their proposed Section 349 claim against USNBA.

### III. CONCLUSION

The Plaintiffs are granted leave to amend their complaint to add: (1) USNBA as a defendant pursuant to Rule 19(a); and (2) a cause of action under Section 349 against Franklin.

**SO ORDERED.**